**In re Anel MARTINEZ, Rebecca Martinez, Debtors.**

**No. 01–16101–9P3.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Nov. 5, 2001.

Jeffrey M. Johnston, Orlando, FL, for Debtors.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

## ORDER ON EMERGENCY MOTION FOR TURNOVER AND MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 13 case is an Emergency Motion for Turnover and Motion for Sanctions filed by Anel and Rebecca Martinez (Debtors). The Motion was filed September 10, 2001, and was set for preliminary hearing October 9, 2001, at 1:30 p.m.

In their Motion, the Debtors contend that they filed their Petition for Relief in this Court under Chapter 13 on August 27, 2001; that Easy Finance, Inc., (Easy Finance) was duly notified by the Court of the filing; that Easy Finance was properly listed as a creditor on Schedule D; that Easy Finance was also notified of the filing "... by the undersigned attorney and via the attached letter transmitted by facsimile." However, no letter was attached to the Motion filed with the Court.

On August 27, 2001, Easy Finance repossessed a 1995 Ford Escort automobile owned by the Debtors. Counsel for the Debtors contends that he contacted Easy Finance telephonically on August 28, 2001, demanded the return of the automobile and Easy Finance refused to return the vehicle, citing the Debtors' default on the contract.

Based on the foregoing, the Debtors seek an order from this Court directing Easy Finance to surrender and turn over the 1995 Ford Escort automobile forthwith. In addition, they also seek an award of sanctions for punitive damages, actual damages incurred daily by the repossession, and an award of attorney's fees in connection with this matter. In defense of the Motion, counsel for Easy Finance contends that once the automobile was repossessed the ownership of the vehicle passed

to the repossessor, even though no formal title was actually transferred, citing Fla. Stat. 319.22, 23 or 28. Counsel also relies on the case of *In re Kalter*, 257 B.R. 93 (M.D.Fla.2000).

In *Kalter*, Senior District Judge George C. Young, having construed the reach and scope of this same statute and the Security Interest governed by the Uniform Commercial Code in chattels in general, concluded that while the UCC grants the secured party the right to repossess the collateral upon default, it contains no language concerning the passage of title, unlike the Florida Statute which does.

The Statute under consideration is entitled **319.28 Transfer of ownership by operation of law.** In Subclause (b) it provides:

> (b) In case of repossession of a motor vehicle or mobile home pursuant to the terms of a security agreement or similar instrument, an affidavit by the party to whom possession has passed stating that the vehicle or mobile home was repossessed upon default in the terms of the security agreement or other instrument shall be considered satisfactory proof of ownership and right of possession.

Therefore, once a vehicle is repossessed the ownership interest in the automobile of the Debtors is extinguished, notwithstanding the fact that there was no formal title certificate issued pursuant to Fla. Statutes Section 319.22, 23, or 28.

There is no doubt that this Statute radically changes the previously held generally accepted view that, notwithstanding a repossession of a vehicle, the Debtor retains ownership until the vehicle is sold and the creditor who repossessed the automobile has an absolute duty under Section 542 of the Code to turn over the automobile to the Debtor provided, however, that the Debtor is able and willing to furnish adequate protection of the collateral to the repossessing creditor.

This Court cannot ignore the reach and the scope of this Statute as construed by the District Court in *Kalter* and, therefore, the only remaining question is, was the automobile in question repossessed before or after the filing of the Chapter 13. This is so because if the automobile was repossessed after filing, the repossession was clearly a violation of the automatic stay imposed by Section 362 which, among others, prohibits to enforce any claim against the property of the estate (Section 362(a)(2)) and prohibits any act to obtain possession of property of the estate or to exercise control over property of the estate (Section 362(a)(3)).

In the present instance the automobile was repossessed the very same day the Petition was filed. The record reveals that the Petition was filed on August 27, 2001, at 2:40 p.m. There is nothing in this record at this time that indicates when the automobile was repossessed. This being the case, it is crucial to determine the time of the repossession. Once that is established, it will determine the rights to the collateral of the Debtors and the repossessing creditors by virtue of Fla.Stat. 319.28(b).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that ruling on the Emergency Motion for Turnover and Motion for Sanctions filed by the Debtors be, and the same is hereby, deferred pending an evidentiary hearing to determine the precise time the automobile was repossessed. If the Debtors can establish by acceptable proof that the car was, in fact, repossessed after the commencement of the case, this Court will consider at the same hearing what adequate protection the Debtors should furnish as condition for the turnover, and what other relief they may be entitled to,

including Sanctions pursuant to Section 362(h).

Hearing before the undersigned shall be scheduled on December 5 2001, in at 2:30 pm, in the United States Bankruptcy Court, Ft. Myers Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Ft. Myers, Florida.